UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERN ARNOLD SOLI,

    Petitioner,       Case Number: 5:09-CV-11201

v.               HON. JOHN CORBETT O'MEARA

THOMAS BELL,

    Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL
AND DENYING CERTIFICATE OF APPEALABILITY**

  Petitioner Vern Arnold Soli is a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

  Petitioner pleaded no contest in Oakland County Circuit Court to armed robbery and bank robbery. On February 27, 2007, he was sentenced to ten to thirty years' imprisonment for each of these convictions, to be served concurrently with one another.

  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Soli*, No. 283918 (Mich. Ct. App. Apr. 7, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Soli*, No. 136558 (Mich. Oct. 29, 2008).

  Petitioner then filed the pending petition for a writ of habeas corpus. He presents the

following claims:

> I. Petitioner is entitled to resentencing as his single criminal act cannot be counted twice in scoring OV13 whether or not his two criminal convictions constitute double jeopardy in violation of Petitioner's right to the double jeopardy protection.
>
> II. The interpretation of the sentence credit statute to preclude sentence credit for persons committing offenses while on parole is inconsistent with the plain language of the statute and violates Petitioner's constitutional rights.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was

3

objectively unreasonable. . .

[A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

### A.

In his first claim for habeas corpus relief, Petitioner argues that the scoring of Offense Variable 13 (OV13) violates his right to be free from double jeopardy.  The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).

The Supreme Court "[h]istorically . . . [has] found double jeopardy protections inapplicable to sentencing proceedings, . . . because the determinations at issue do not place a defendant in jeopardy for an offense."  *Monge v. California*, 524 U.S. 721, 728 (1998) (internal citation and quotation omitted).  Therefore, the scoring of an offense variable does not implicate the Double Jeopardy Clause and Petitioner is not entitled to habeas relief on this claim.  *Accord Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan.31, 2007) (finding noncognizable a habeas claim that the application of state sentencing guidelines violated the Double Jeopardy Clause); *Fisher v. Booker*, No. 03-10029-BC, 2006 WL 2420229, at *8

(E.D. Mich. Aug.22, 2006) (holding that the score a defendant receives on an offense variable is not a form of punishment under the Double Jeopardy Clause).

**B.**

In his second claim for habeas relief, Petitioner challenges the state court's interpretation of Mich. Comp. Law § 769.11b, to deny him credit for time served while awaiting trial because of his parole status at the time of the offense.

A state court's application of crediting statutes is a matter of state concern only. *See Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir.2003). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. Laws Ann. § 791.238(2); *People v. Stewart*, 203 Mich. App. 432, 433 (1994). Petitioner was on parole when he committed the offenses at issues in this case. Accordingly, the trial court's failure to credit Petitioner's sentence was in keeping with Michigan law. *See Gora v. Romanowski*, 2005 WL 3465725, *2 (E.D. Mich. Dec. 16, 2005).

**IV.**

The Court next addresses whether Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §

2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979).

## V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Instant Hearing is **DENIED AS MOOT**.

s/John Corbett O'Meara
United States District Judge

Date: April 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 24, 2009, by electronic and/or ordinary mail.

sWilliam Barkholz
Case Manager